UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br><br>    v.<br><br>FRANCISCO GARCIA, et al.,<br><br>                       Defendants. | Case No. 2:10-cr-00454<br><br>ORDER |

Presently before the court is interested parties Victor Garcia and Erika Garcia's ("claimants") emergency motion to stay proceedings re: forfeiture. (Doc. # 172.) The government filed a response (doc. # 173), and claimants filed a reply (doc. # 174).

Presently before the court is interested parties Victor Garcia and Erika Garcia's ("claimants") emergency motion to stay proceedings re: forfeiture. (Doc. # 172.) The government filed a response (doc. # 173), and claimants filed a reply (doc. # 174).

**I.     Background**

Defendants Francisco Garcia, Eloy Garcia, Efrain Garcia, and Nabor Garcia were indicted and sentenced on charges related to conspiracy and money laundering. (*See* docs. ## 140-143.) Certain real property was subject to the forfeiture order, including a property located at 3890 Idlewood Avenue, Las Vegas, Nevada, County of Clark ("Idlewood property").

On August 5, 2013, claimants filed a motion for hearing, asserting that they had a legal interest in the Idlewood property. (Doc. # 147.) Claimants asserted that they borrowed $10,000 from defendant Francisco Garcia, that claimants later repaid that amount, and that the remaining

1    money used to purchase the home came from other legitimate sources. (*Id.*). No documents were
2    attached, including any affidavits or other evidence. (*Id.*)

3    On February 11, 2014, the court found claimants' bare bones motion for hearing
4    insufficient and denied it without prejudice. (Doc. # 162.) The court ordered claimants to submit
5    a renewed motion containing sufficient facts and supporting documentation by February 28, 2014.
6    (*Id.*) Upon receipt of the renewed motion and supporting documentation, the court stated that it
7    would decide if a hearing was necessary pursuant to 21 U.S.C. § 853. (*Id.*)

8    Claimants never responded to or complied with this court's February 11, 2014 order to
9    submit a renewed motion containing sufficient facts and supporting documentation by February
10   28, 2014. On December 3, 2014, more than ten months since the deadline for claimants to file
11   their renewed motion, the court issued the final order of forfeiture as to the defendants' properties.
12   (Doc. # 171.) The final order of forfeiture included the Idlewood property.

13   Claimants now ask the court to stay the forfeiture of the Idlewood property based on
14   Federal Rule of Civil Procedure 60.

15   **II.    Legal Standard**

16   Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding
17   only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2)
18   newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied;
19   or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549
20   (9th Cir. 2000); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir.
21   2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of
22   discretion).

23   **III.   Discussion**

24   In their brief motion, claimants state that, after filing their August 5, 2013 motion for a
25   hearing, they were contacted by the United States attorney's office to provide supporting
26   documentation to try to resolve the matter. (Doc. # 172.) Claimants assert that they provided
27   documentation to the United States attorney's office on or about August 13, 2013. (*Id.*)
28   / / /

After providing this documentation, claimants did not receive any further communications from the United States Attorney's Office. (*Id.*) Claimants mistakenly believed that the matter was resolved. (*Id.*) Claimants were not aware that the matter remained unresolved until they received the final order of forfeiture on or about December 9, 2014. Further, claimants assert that, due to technical difficulties from switching their computers from PCs to Macs, claimants did not receive the notice of the court's February 11, 2014, order to file a renewed motion by February 28, 2014. (Docs. ## 172, 174.)

Claimants ask the court to grant them relief from this inadvertent technical issue under Rule 60(b)(1) or Rule 60(b)(6). (Doc. # 174.) The government responds that claimants have offered no factual basis, case precedent, or legal analysis to support their claim and have "simply quoted the words of the statute and then asked this Court to grant them . . . relief." (Doc. # 173.) Because Rule 60(b) is an extraordinary sanction, requiring "extraordinary circumstances" to show they are entitled to relief, the government requests the court deny claimants' motion. *See Allmerica Fin. Life Ins. & Annuity v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997).

Contrary to claimants' arguments, the alleged technical difficulty that prevented them from receiving notice of this court's February 11, 2014, order does not provide a basis for equitable relief under Rule 60(b)(1). In *Engleson v. Burlington Northern R. Co.,* the Ninth Circuit expressly held that "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Engleson v. Burlington Northern R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992) (citation and internal quotations omitted). That claimants' counsel failed to monitor the docket of the case beyond watching her email does not constitute such "gross negligence or exceptional circumstances so as to justify the extraordinary relief available pursuant to Rule 60(b)." *Allmerica, 139 F.3d at 666.*

Furthermore, although Rule 60(b)(6) "gives the district court power to vacate judgments whenever such action is appropriate to accomplish justice," the government is correct that such relief requires a showing of "extraordinary circumstances," which are not present here. *Ackermann v. United States,* 340 U.S. 193, 199–201 (1950).

/ / /

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that claimants emergency motion to stay proceedings re: forfeiture, (doc. # 172) be, and the same hereby is, DENIED

DATED THIS 12th day of January, 2015.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

4